■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON MIRANDA, Appellant. [631 NYS2d 872] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered August 26, 1993, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

A peremptory challenge "is an objection to a prospective juror for which no reason need be assigned" (CPL 270.25 [1]). Since a party need give no reason at all for the exercise of a peremptory challenge, the initial burden falls on the party opposing the strike to make out a prima facie case that the challenge was exercised for an impermissible reason *(People v Allen,* 86 NY2d 101). Here, the defendant does not contest the finding that a prima facie case of discrimination had been established.

The burden of going forward then shifts to the party advancing the strike, the defendant herein, to overcome the inference of purposeful discrimination *(People v Allen, supra).* At this stage, if the party advancing the strike offers any facially-neutral reason for the challenge that does not violate equal protection, the inference of discrimination is overcome *(see, People v Allen, supra).*

Here, the reason proffered by the defense counsel suggested lack of rapport with the prospective juror. This was an acceptable race-neutral reason for the challenge sufficient to rebut the threshold showing of discrimination *(see, People v Bennett,* 206 AD2d 382). The court's rejection of the subject challenge, absent any further proffer by the prosecutor that the reason was pretextual, deprived the defendant of his right to a jury of his choice.

In view of our determination that the defendant is entitled to a new trial, we do not reach his remaining contentions. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.